### STATE v. HOWELL.
No. 426831.
Metropolitan Court, Dade County.
March 24, 1972.

Richard E. Gerstein, State Attorney, for the state.

Stuart Simon, County Attorney, and John Finney, Metropolitan Transit Authority, for the defendant.

FREDERICK N. BARAD, Judge.

*Final judgment:* This matter came on for hearing with the defendant entering a plea of "not guilty" and presenting to the court the following stipulated facts —

On January 31, 1972, William E. Howell of 19930 S. W. 92nd Avenue, Miami, while in the course of his employment as a bus operator and as a Dade County employee, was operating bus no. 412, license 1C-270, expiration date of December 31, 1971, registered in the name of Dade County.

That while operating bus no. 412 over a prescribed and authorized route, Howell was issued a traffic citation, no. A-426831, by a uniformed officer of the Florida Highway Patrol, charging a violation of "Chapter 316-284 F.S.A. and 30-367", of the Traffic Code of Dade County, and that the offense occurred on or near state road 112 in Dade County.

As a basis for the ruling of this court, it is necessary that the court make the following findings of fact regarding the evidence and testimony presented —

I. That the offense in question resulted from the operation of a motor vehicle owned by and registered in the name of Dade County and operated by an agency of Dade County.

II. That the vehicle in question was one of a certain class of vehicles, totalling 387, for which Dade County had, on August 11, 1971, made application to the department of highway safety and motor vehicles, for "official and exempt" license tags for these county-owned buses and that the application was accompanied by county warrant no. 6156 in the amount of $1,354.50, the statutory fee for such licenses.

III. That Dade County had paid to the department of highway safety and motor vehicles all previous fees and charges required by statute.

IV. That on August 16, 1971, the department of highway safety and motor vehicles rejected that application returning the applications and county warrant tendered, stating no basis for that rejection.

The defendant and Dade County have presented to the court for determination its contention that, having made proper application to the department of highway safety and motor vehicles for licenses as provided by statute, the defendant, as an agent and employee of Dade County, cannot now be charged for failure to display the license applied for and denied by that department.

The status of Dade County in regard to the Metropolitan Dade County Transit Authority has been clearly established by State v. Dade County, 142 So.2d 79. In ruling on the validity of the transit system revenue bonds, the court considered the question —

> . . . whether or not the county has power to purchase and operate a unified county-wide transportation system and to set the machinery in motion and to provide the necessary personnel to effectively carry such plan into effect.

The court considered article VIII, §11 of the Florida Constitution, known as the home rule amendment and supporting laws and ordinances, and stated —

> An adequate public transportation system, according to the record in this case and as a matter of common knowledge, is necessary and essential in the development, improvement and growth of great metropolitan areas such as that embraced within the limits of the county. One of the obvious purposes of metropolitan government and a principle inherently embodied in the constitutional amendment and the Home Rule Chapter is the development of public services and utilities having county-wide application and uniform operation.

> We find no error in the action of the trial court approving the creation of the Metropolitan Dade County Transit Authority as a governmental agency of the county and the power granted it under the ordinance by which it was created.

There appears to this court no question that the operation and ownership of the bus in question is proper under all aspects of the law. Considering further that a governmental body can legally do only that which it is authorized to do, the court must consider this vehicle "official" within the meaning of §320.08(11), Florida Statutes, governing such applications.

In determining that this vehicle and the other buses owned by Dade County and operated by its metropolitan transit authority were official, the court considered the following factors —

(a) The authority is exempt from the requirements of chapter 324, Florida Statutes, the Financial Responsibility Law.

(b) The authority is exempt from the requirements of chapter 212, Florida Statutes, the sales tax provision.

(c) The authority is exempt from paying the federal gasoline tax.

(d) The authority is exempt from paying the federal excise tax on buses, parts and tires.

(e) The authority is exempt from paying state and federal unemployment tax.

(f) The authority has received grants for capital purchases from the federal and state departments of transportation which grants were for assistance to public agencies.

(g) The authority is entitled to receive the additional eighth cent tax on motor fuel pursuant to §206.605(4), Florida Statutes.

(h) All other motor vehicles owned and operated by Dade County or agencies similar to the authority are classified as "official" by the plaintiff.

Testimony before this court further shows the department of motor vehicles did in fact issue "official and/or exempt" licenses to some vehicles of the same class. Further, the court recognizes that all other vehicles owned and operated by the county have been issued "official and exempt" licenses over a long period of years without regard to their use.

The authority of the director of the department of highway safety and motor vehicles to deny such applications is set forth in §§320.17 and 320.18, Florida Statutes. It is clear that no facts exist to support such denial.

The court must therefore find that the county-owned and operated vehicles are "official". There is no evidence as to the director's basis of denial of the application, the court can find no basis for such denial, and must therefore conclude that Dade County should have been granted the official license applied for. The defendant was acting as an employee and agent of Dade County as the time of this charge.

This court, therefore, finds the defendant "not guilty".